### TRUSTS & GUARANTEE CO., Limited, v. SAWYER.

(Supreme Court, Appellate Division, First Department.   July 7, 1911.)

1. ACTION (§ 45*)—JOINDER OF CAUSES OF ACTION.
   Joinder of a cause of action on a judgment against defendant with one on a contract made by plaintiff with defendant and another jointly is improper.
   [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–448;  Dec. Dig. § 45.*]

2. CONTRACTS (§ 330*)—ACTION ON JOINT CONTRACTS—NECESSARY PARTIES.
   C. is a necessary party defendant to an action on a contract with plaintiff of defendant and C., joint on the part of defendant and C., but not several, and likewise to an action on an account stated between all three on such a contract, whereby a certain sum was found to be due plaintiff from the two others.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1589–1614;  Dec. Dig. § 330.*]

Appeal from Special Term, New York County.

Action by the Trusts & Guarantee Company, Limited, against Ernest L. Sawyer. From an interlocutory judgment overruling a demurrer to the amended complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

James T. Kilbreth (Henry G. Schackno, on the brief), for appellant. Nelson L. Keach (Stephen Callaghan, on the brief), for respondent.

LAUGHLIN, J.   Three causes of action are set forth in the complaint in separate counts. The demurrer is upon the grounds that the three causes of action have been improperly united, in that one is to recover on a judgment against the defendant, and the others are to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

recover on contracts made by plaintiff with the defendant and one Cox, jointly, and that there is a defect of parties defendant with respect to the second and third causes of action in the omission of Cox as a defendant.

[1, 2] We are of opinion that all of the grounds of the demurrer were well taken. In the first count of the complaint it is alleged that a judgment for money was duly recovered by the plaintiff against the defendant in the High Court of Justice, which is a court of record in the province of Ontario, Dominion of Canada, and judgment for the amount thereof, with interest at the rate allowed by the law of Canada, is demanded.

The second count of the complaint is on an account stated between the plaintiff, the defendant, and said Cox, by which it is alleged that the sum of $2,652.47 was found due to the plaintiff from the defendant "and the said Cox" under two agreements, which are annexed to and made part of the complaint. The first agreement was made between the plaintiff and the defendant and Cox. By it the plaintiff was to guarantee dividends on certain stock of the Ophir Mines Development Company of Ontario, Limited, which was owned by the defendant and Cox, and which was to be placed on sale with the plaintiff at par, and the charges to be made by the plaintiff for its services were therein specified. By the second agreement the defendant and Cox assigned the stock to the manager of the plaintiff, as security for any advances made to them by plaintiff, and for any amount that their account with the plaintiff might be overdrawn, and they promised to repay plaintiff on demand any overdrafts against their account, with interest, and in default thereof they authorized the plaintiff's manager to sell their stock without notice. Both agreements are joint on the part of the defendant and Cox, but not several. It is quite evident, therefore, that Cox is a necessary party defendant to an action in that court.

The third count of the complaint is on a promissory note alleged to have been made by the defendant and Cox to the order of one Coffee, for the use, benefit, and account of the plaintiff, and which was thereafter duly indorsed over and delivered to the plaintiff. It is claimed that the form of the note, which is set forth in the points of the respondent, created a joint and several liability against the makers; but the note is not set forth in the complaint, and as pleaded only a joint liability is alleged. Cox, therefore, is a necessary party to this cause of action.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend, on payment of the costs of the appeal and of the demurrer. All concur.